**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

SEAN MEARS,

                    Plaintiff,

        -against-

ALLSTATE INDEMNITY COMPANY, and
THE JONES AGENCY, a division of
ALLSTATE,

                    Defendants.

-----------------------------------------------------------X

**MEMORANDUM OF**
**DECISION & ORDER**
2:18-cv-02500 (ADS)(GRB)

**APPEARANCES:**

**Kristina S. Heuser, PC**
*Counsel for the Plaintiff*
PO Box 672
Locust Valley, NY 11560
      By:    Kristina S. Heuser, Esq., Of Counsel

**Dodge & Monroy, PC**
*Counsel for the Defendants*
1983 Marcus Avenue, Suite 208
Lake Success, NY 11042
      By:    Peter X. Dodge, Esq., Of Counsel

**SPATT, District Judge**:

On April 27, 2018, the plaintiff Sean Mears ("Mears" or the "Plaintiff") commenced this racial discrimination action against Allstate Indemnity Company ("Allstate"), and The Jones Agency (the "Agency") (together, the "Defendants") in response to Allstate's disclaimer of coverage regarding the theft of the Plaintiff's personal property. The Plaintiff alleges that Allstate's disclaimer was based on his race, in violation of 42 U.S.C. § 1981 ("§ 1981"), and that the Defendants' breached their contract with the Plaintiff. The Defendants contend that they disclaimed coverage because the Plaintiff concealed or misrepresented material facts during the

investigation and demonstrated inadequate proof of loss for the property that was purportedly stolen. Mears seeks compensatory damages, punitive damages, attorneys' fees and costs.

Presently before the Court is a motion by the Defendants, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6), seeking to dismiss the complaint for failure to state a claim upon which relief may be granted.

For the following reasons, the Defendants' motion to dismiss is granted.

## I. BACKGROUND

### A. THE FACTUAL BACKGROUND

Unless otherwise noted, the following facts are drawn from the Plaintiff's complaint, and for the purposes of the instant motion, are construed in favor of the Plaintiff.

The Plaintiff is a 30-year-old African American male who resides in Suffolk County, New York. Complaint ("Compl."), Docket Entry ("Dkt.") 1, ¶ 4. In October, 2011, Mears and his fiancé at the time, Erica Stark ("Stark"), purchased a cooperative home located at 64 Bailey Court, Middle Island, New York (the "Property"). Mears and Stark have since married. *Id*. ¶ 11.

At that time, Mears and Stark also purchased a homeowner's insurance policy on the Property (the "Policy"). The Policy was purchased through the Agency and was issued by Allstate. *Id*. ¶¶ 6, 8, 9. It included up to $42,190 of building property protection, $316,000 of personal property protection, $300,000 of family liability protection, $1,000 per person for guest medical expenses, $1,000 in loss assessments in the case of a covered loss and additional living expenses for up to 12 months. *Id*. ¶ 12; Exhibit C, Dkt. 11-4, at 7. Furthermore, the Policy also incorporated scheduled personal property coverage for eight pieces of jewelry listed at a value of $158,000. These items included two 18 kt. gold 40mm Rolex Presidential watches valued at $37,500 each, a diamond bracelet valued at $6,500, a 14 kt. gold chain with a diamond cross valued at $9,000, a

36mm Rolex watch valued at $15,000, a stainless steel Breitling Super Avenger watch valued at $35,000, a diamond white gold ring valued at $4,000, and a 14 kt. white gold diamond engagement ring valued at $13,500. Compl. ¶¶ 13-14; Exhibit C, Dkt. 11-4, at 10.

The Plaintiff paid all premiums in a timely manner and as such, the Policy was in effect at all relevant times. Compl. ¶¶ 10-11. In October 2016, Mears and Stark embarked on an out-of-town weekend trip. They left the Property on Friday morning and returned home on Sunday, October 29, 2016. Upon returning home, the Plaintiff discovered that the Property had been burglarized, with visible signs of a break-in at the rear door. Compl. ¶¶ 15-16. Approximately $200,000 in items were stolen from the Property, including all of the scheduled personal property listed on the Policy in addition to other items of jewelry, and various designer accessories. The crime was reported to the Suffolk County Police Department, Seventh Precinct, and a police report was filed.

On October 31, 2016, Mears filed a claim with the Defendants pursuant to the Policy. Compl. ¶¶ 17-20; Exhibit B, Dkt. 11-3, at 2. Allstate conducted its own investigation, which included an examination of the Plaintiff under oath. The Plaintiff provided this examination to Allstate on November 4, 2016. Exhibit B, Dkt. 11-3, at 3. Furthermore, Allstate requested that the Plaintiff provide proof of purchase or appraisals for many of the items purportedly stolen. *Id.*; Compl. ¶ 30.

By letter dated March 28, 2017, Allstate denied the Plaintiff's claim in its entirety. The letter stated, in pertinent part:

> We do not cover any loss or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance. …
>
> Allstate's investigation has determined that you have concealed or misrepresented material facts or circumstances. During the course of your Examination Under Oath, and during your recorded statement given on November 4, 2016, you

provided intentional material misrepresentations in the presentation of the claim. Further, you have inadequate proof to establish the claimed items in your proof of loss as actually being stolen and owned by you and/or your fiancé at the time of the incident. Resultantly, your claim is denied in its entirety. Your proof of loss is rejected.

Based upon the intentional material misrepresentations as outlined above and based upon the fact that you have inadequate proof of loss for not only the scheduled personal property, but also the unscheduled personal property, you[r] claim is denied in its entirety.

Exhibit B, Dkt. 11-3, at 2-3. To date, the Defendants have not compensated the Plaintiff for his purported loss. Compl. ¶ 22.

On these facts, the Plaintiff contends that the Defendants discriminated against the Plaintiff because he was an African-American male. Specifically, he alleges that: (1) the "Defendants' proffered reason for the denial … together with other statements made by [D]efendants and their agents in the course of discussing the claim demonstrate that the denial was based upon racial animus and/or discrimination;" (2) the "[D]efendants do not believe [P]laintiff's veracity about the events as they occurred because he is a black man;" (3) the "Defendants have questioned where [P]laintiff obtained the stolen items and how he was able to pay for them;" (4) "[i]n spite of [P]laintiff providing proof of purchase and/or appraisals for many of the items, [D]efendants question the validity of those documents;" and (5) the "Defendants have no good faith basis for doubting [P]laintiff or the proof he provided, but rather doubt his ability to afford the insured and stolen items simply because he is black." Compl. ¶¶ 27-31.

In the instant motion, the Defendants' arguments focus exclusively on the Plaintiff's first cause of action, a § 1981 violation, rather than the second cause of action, breach of contract.

## II. DISCUSSION

### A. STANDARD OF REVIEW: FED. R. CIV. P. 12(B)(6)

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See, e.g.*, *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016); *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Elec., Inc. v. City of N.Y.*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free Sch. Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the *Twombly* standard, the Court may only dismiss a complaint if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has expounded that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to survive a motion to dismiss. FED. R. CIV. P. 8(a)(2). Under Rule 8, a complaint is not required to allege "detailed factual allegations." *Kendall v. Caliber Home Loans, Inc.*, 198 F. Supp. 3d 168, 170 (E.D.N.Y. 2016) (quoting *Twombly*, 550 U.S. at 555). "In ruling on a motion pursuant to FED. R. CIV. P. 12(b)(6), the duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered

in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting

*Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)). The Court "[is] not bound to accept as true

a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## B. CONSIDERATION OF MATERIALS OUTSIDE THE COMPLAINT

The Defendants attach three exhibits to their motion to dismiss: (1) the complaint; (2) the

March 28, 2017 claim denial letter; and (3) a copy of the Policy. As a preliminary matter, the

Court must first address whether the claim denial letter or the Policy may be properly considered

by the Court for the purposes of adjudicating this motion.

"[F]ederal courts have complete discretion to determine whether or not to accept the

submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6)

motion." *Giugliano v. F3² Capital Partners, LLC,* No. 14-cv-7240, 2015 WL 5124796 (E.D.N.Y.

Sept. 1, 2015) (Spatt, J.) (internal citation and quotation marks omitted); *Halebian v. Berv*, 644

F.3d 122, 131 n.7 (2d Cir. 2011) (noting the Second Circuit has recognized "exceptions to Rule

12(b)(6)'s general prohibition against considering materials outside the four corners of the

complaint"). In adjudicating this motion, the Court is permitted to consider:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents "integral" to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in [the] defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*Envtl. Servs. v. Recycle Green Servs.*, 7 F. Supp. 3d 260, 270 (E.D.N.Y. 2014) (Spatt, J.) (quoting

*In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003)), *aff'd in part and vacated*

*in part on other grounds sub nom. Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d

25 (2d Cir. 2005), *vacated on other grounds*, 547 U.S. 71, 126 S. Ct. 1503, 164 L. Ed. 2d 179

(2006)); *accord Healthnow New York, Inc. v. Catholic Health Sys., Inc.*, No. 14-cv-986S, 2015

WL 5673123 (W.D.N.Y. Sept. 25, 2015); *Oberstein v. SunPower Corp.*, No. 07-cv-1155, 2010

WL 1705868, at \*3 (E.D.N.Y. Apr. 28, 2010).

The Court finds that both the claim denial letter as well as the Policy are integral to the

complaint. The Plaintiff specifically mentions both documents throughout the complaint. *See,*

*e.g.*, Compl. ¶¶ 1 ("Plaintiff maintained a homeowner's insurance policy with the [D]efendants"),

9 ("Allstate issued the [P]olicy. Upon information and belief, the policy number was 933 676

549."), 12 ("The [P]olicy included up to [\$321,000] of 'Personal Property Protection –

Reimbursement Provision'"), 13 ("[T]he insurance policy also included 'Scheduled Personal

Property Coverage'. The policy documents in [P]laintiff's possession reflect that there is no

deductible for this portion of the policy and that the covered 'property class' is 'Jewlery – Vault

Rate'."), 14 ("The items and amounts listed on the schedule described in paragraph 13 above

are/were…"), 22 ("By letter from defendant Allstate dated March 28, 2017, [P]laintiff's claim was

denied in its entirety."). These allegations indicate that the Plaintiff "'relie[d] heavily upon [the

Policy and the Claim Denial Letter's] terms and effect,' thereby rendering the document 'integral'

to the complaint." *DiFolco*, 622 F.3d at 111 (internal citations omitted). *See, e.g.*, *Strom v.*

*Goldman, Sachs & Co.*, 202 F.3d 138, 140 n.1 (2d Cir. 1999) (acknowledging that the district court

"explicitly and correctly considered the group policy on the theory that it had been incorporated

by reference in the complaint"), *abrogated on other grounds by Coan v. Kaufman*, 457 F.3d 250

(2d Cir. 2006); *Farone & Son Funeral Home, Inc. v. Denise Delee*, No. 5:15-CV-0679, 2016 WL

2354264, at \*5 (N.D.N.Y. May 4, 2016) (considering a life insurance policy document and the

claim denial letter sent to the defendant in adjudicating a motion to dismiss); *Gassiott v. Prudential*

*Ins. Co. of Am.*, No. 08 CIV. 7358 (JFK), 2009 WL 3188428, at \*2 (S.D.N.Y. Oct. 6, 2009) (noting

that the policy document and claim denial letters, which were referenced in the complaint, were

integral to the complaint and that they were used to adjudicate the motion for judgment on the

pleadings).

As such, the Court finds that the Policy and the Claim Denial Letter are integral to the

Plaintiff's complaint.  Accordingly, the Court will consider them for purposes of adjudicating the

instant motion.

## C.  AS TO THE 42 U.S.C. § 1981 CLAIM

### 1.  42 U.S.C. § 1981

The Plaintiff alleges that "there was no basis for the denial of [the Plaintiff's] claim and

the reason proffered by the [D]efendant(s) evinces insidious discrimination" in violation of 42

U.S.C. § 1981.  Compl. ¶ 1.  Section 1981 states in relevant part:

> (a) All persons within the jurisdiction of the United States shall have the same right
> ... to make and enforce contracts, to sue, be parties, give evidence, and to the full
> and equal benefit of all laws and proceedings for the security of persons and
> property as is enjoyed by white citizens. …
>
> (b) For purposes of this section, the term "make and enforce contracts" includes the
> making, performance, modification, and termination of contracts, and the
> enjoyment of all benefits, privileges, terms, and conditions of the contractual
> relationship.
>
> (c) The rights protected by this section are protected against impairment by
> nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981.

To establish a *prima facie* case of discrimination pursuant to § 1981, a plaintiff must show

that (1) that plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of

race; and (3) the discrimination concerned one or more of the activities enumerated in the statute

(including the making or enforcement of a contract).  *Mian v. Donaldson, Lufkin & Jenrette Sec.*

*Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993); *Weiss v. La Suisse*, 69 F. Supp. 2d 449, 460 (S.D.N.Y. 1999). "'Essential to an action under Section 1981 are allegations that defendant's acts were purposefully discriminatory.'" *Dickerson v. State Farm Fire & Cas. Co.*, No. 95 Civ. 10733, 1997 WL 40966, at *3 (S.D.N.Y. Feb. 3, 1997) (citing *Albert v. Carovano*, 851 F.2d 561, 571 (2d Cir.1988)), *aff'd*, 133 F.3d 906 (2d Cir.1997). To successfully plead this, "a plaintiff must allege facts sufficient to 'give rise to a plausible inference of racially discriminatory intent.'" *Dickerson*, 1997 WL 40966, at *3 (quoting *Yusef v. Vassar Coll.*, 35 F.3d 709, 712 (2d Cir. 1994)).

The Court notes that the Defendants incorrectly argue that the Plaintiff's § 1981 claim sounds in New York State law. Specifically, the Defendants contend that this cause of action sounds in bad faith, and exclusively cites New York State Court cases. Here, there are no aspects of the Plaintiff's § 1981 claim that requires the interpretation of state law. "In the interpretation and application of federal statutes, federal not local law applies." *Prudence Realization Corp. v. Geist*, 316 U.S. 89, 95, 62 S. Ct. 978, 86 L. Ed. 1293 (1942) (collecting cases). Therefore, the Court will interpret the Plaintiff's § 1981 claim in accordance with the existing precedent and jurisprudence of the Second Circuit and will not address the portions of the Defendants brief pertaining to § 1981 that are rooted in New York State law.

### 2. *McDonnell Douglas* Framework

To evaluate claims of racial discrimination under § 1981, courts must apply the burden shifting, four-step framework, laid out by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *McGill v. Univ. of Rochester*, 600 F. Appx 789, 790 (2d Cir. 2015) ("We analyze Title VII, Section 1981, and NYSHRL discrimination claims under the same burden shifting framework as first set forth by the Supreme Court in *McDonnell Douglas*."). The Plaintiff has the initial burden of proving a *prima facie* case

of discrimination. *McDonnell Douglas*, 411 U.S. at 802. If the Plaintiff establishes a *prima facie* case, the burden shifts to the Defendants to articulate a legitimate, non-discriminatory reason for its actions. *Id.* If the Defendants successfully meet their burden, the presumption of animus "drops out of the picture." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510–11, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993). The Plaintiff must then show that the Defendants' actions were the result of impermissible discrimination. *Holcomb v. Iona Coll.*, 521 F.3d 130,138 (2d Cir. 2008).

However, at the pleadings stage, a plaintiff is not required to allege facts establishing every element of a *prima facie* case of discrimination. Rather, the facts alleged in the complaint must provide "plausible support to the reduced requirements" of a *prima facie* case. *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015); *Figueroa v. RSquared NY, Inc.*, 89 F. Supp. 3d 484, 489 (E.D.N.Y. 2015) (Spatt, J.) ("However, the survival of a complaint under Rule 12(b)(6) scrutiny … 'does not rest on whether it contains specific facts establishing a *prima facie* case under *McDonnell Douglas*.'" (quoting *Lax v. 29 Woodmere Blvd. Owners, Inc.*, 812 F. Supp. 2d 228, 236 (E.D.N.Y. 2011))). As the Second Circuit explained,

> absent direct evidence of discrimination, what must be plausibly supported by facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent. The facts alleged must give plausible support to the reduced requirements that arise under *McDonnell Douglas* in the initial phase of a [§ 1981] litigation. The facts required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation.

*Littlejohn*, 795 F.3d at 311. "In other words, the Court asks only whether a plaintiff has pled a *prima facie* case, not whether a plaintiff has established that case. Thus, the standard is simply whether the Plaintiff's complaint, construed liberally, satisfies the federal pleading requirements for a claim of discrimination." *Figueroa*, 89 F. Supp. 3d at 489; *accord Gonzalez v. Carestream*

*Health, Inc.*, 520 F. Appx 8, 10 (2d Cir. 2013) ("[This Court] consider[s] only whether the complaint includes factual allegations sufficient 'to raise a right to relief above the speculative level.'" (quoting *Twombly*, 550 U.S. at 555)). "This is because, at the pleading stage, courts do not apply the *McDonnell Douglas* burden shifting test to analyze the evidentiary support for the discrimination claims." *Figueroa*, 89 F. Supp. 3d at 489.

### 3. Application to the Instant Facts

In the instant case, the Plaintiff contends that the denial of his claim was motivated by his race. The parties do not dispute that the Plaintiff has successfully alleged the first and third prongs of a *prima facie* case of discrimination, namely the Plaintiff is a member of a racial minority and the alleged discrimination involved contractual rights. However, the Plaintiff has failed to allege sufficient facts in the complaint to "give rise to a plausible inference of racially discriminatory intent." *Yusef*, 35 F.3d at 712. "It is not enough merely to assert that the defendant took adverse action against the plaintiff, and that the action was a product of racial animus. The complaint must allege specific facts supporting both the existence of the racial animus and the inference of a link between the adverse treatment and the racial animus." *Dickerson v. State Farm Fire & Cas. Co.*, No. 95 CIV 10733, 1996 WL 445076, at *3 (S.D.N.Y. Aug. 1, 1996). Without the required factual support, Mears' claim is merely a "'naked allegation' of racial discrimination." *Yusef*, 35 F.3d at 714.

Here, the complaint is devoid of any particular allegations regarding the Defendants' purported racial discrimination when evaluating and denying the Plaintiff's insurance claim. As stated above, Mears alleges that: (1) the "Defendants' proffered reason for the denial … together with other statements made by [D]efendants and their agents in the course of discussing the claim demonstrate that the denial was based upon racial animus and/or discrimination;" (2) the

"[D]efendants do not believe [P]laintiff's veracity about the events as they occurred because he is a black man;" (3) the "Defendants have questioned where [P]laintiff obtained the stolen items and how he was able to pay for them;" (4) "[i]n spite of [P]laintiff providing proof of purchase and/or appraisals for many of the items, [D]efendants question the validity of those documents;" and (5) the "Defendants have no good faith basis for doubting [P]laintiff or the proof he provided, but rather doubt his ability to afford the insured and stolen items simply because he is black." Compl. ¶¶ 27-31.

These strictly conclusory allegations amount to rank speculation, with no specific factual instances, details, or supporting information. The complaint is devoid of any factual allegations to support the claim that any of the Defendants' employees who processed or denied the Plaintiff's claims harbored discriminatory bias. Without more detailed allegations, the Court has no basis to infer any intention to discriminate.

Mears focuses on two unsubstantiated assertions, which even when construed in favor of the Plaintiff, do not support an intention to discriminate. The complaint contends that during the course of the investigation, the Plaintiff was questioned regarding the items stolen. Specifically, he was asked where he obtained the items and how he was able to pay for them. The Plaintiff provided proof of purchase or appraisals for a portion of the items and the Defendants disputed the validity of the documents provided. Compl. ¶¶ 29-30. These contentions do not contain any facts that inevitably implicate the Plaintiff's race. Even if the Defendants' actions were improper, they were not necessarily racially motivated.

The complaint does not identify any employees from either of the Defendants nor does it allege the race of any employees that were involved with his claim. The Plaintiff has failed to allege whether any employees at either of the Defendants were aware of the Plaintiff's race at any

point prior to the denial of the claim. Mears does not specify if he was ever required to disclose his race on any paperwork nor does he provide enough detail to construe any instance where the Defendants may have become aware of his race. An examination of the supporting insurance documents integral to the complaint do not reveal any reference to the fact that the Plaintiff is African-American nor any information that can lead the Court to such a conclusion. For instance, the Plaintiff does not contend that the Plaintiff lives in a predominantly African-American neighborhood, nor that any employee of the Defendants ever interacted with him face-to-face. Without alleging whether the Defendants were aware of the Plaintiff's race, Mears cannot claim that the Defendants intended to discriminate against him because of his race. *See Harris v. Allstate Ins. Co.*, 83 F. Supp. 2d 423, 432 (S.D.N.Y. 2000) ("[T]he mere facts that plaintiff is an African-American, that the address from which plaintiff twice had his car stolen was, in his words, 'in a geographic location … known to be predominantly of African American descent,' and that Allstate denied his claim fail to establish … that defendant intended to discriminate against him because of his race."); *Waldron v. Rotzler*, 862 F. Supp. 763, 769 (N.D.N.Y. 1994) ("plaintiff must allege some facts that demonstrate that his race was the reason for the defendants' actions"). Further, the Plaintiff does not allege that the Defendants or their agents ever made racially insensitive comments in the course of their dealing, discussed race with Mears, or referred to the Plaintiff's race in any manner.

The Plaintiff also failed to allege the required elements of selective enforcement, an alternative theory to a § 1981 discrimination claim. *See Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89, 95 (2d Cir. 1999) ("A plaintiff may support an inference of race discrimination by demonstrating that similarly situated employees of a different race were treated more favorably."). To prevail on such a theory, a plaintiff must identify "specifying instances in which they were

13

singled out … for unlawful oppression in contrast to others similarly situated." *McCain v. United States*, No. 2:14-CV-92, 2015 WL 1221257, at *10 (D. Vt. Mar. 17, 2015) (citing *Albert*, 851 F.2d at 571-72). An employee is similarly situated to other employees if they were (1) "subject to the same performance evaluation and discipline standards" and (2) "engaged in comparable conduct." *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000) (citing *Shumway v. United Parcel Serv.*, 118 F.3d 60, 64 (2d Cir.1997)). In other words, the employees must be similarly situated "in all material respects." *Id*. at 39; *see also Quinby v. WestLB AG*, No. 04-cv-7406, 2007 WL 1153994, at *7 (S.D.N.Y. Apr. 19, 2007). Neither of the parties contend that similarly situated, non-minority customers of the Defendants "received the benefits of the contract which [Plaintiff was] denied." *Dickerson*, 1997 WL 40966, at *5. There are no allegations in the complaint that the denial deviated from the Defendants' standard business practices in any way. *See Better Env't, Inc. v. ITT Hartford Ins. Grp.*, 96 F. Supp. 2d 162, 170 (N.D.N.Y. 2000).

The Plaintiff offers no facts that indicate that race played any factor in the Defendants' denial of the Plaintiff's claim. The denial of the Plaintiff's claim coupled with the fact that he is an African American do not support the existence of discrimination. While the Court cannot address the validity of Allstate's proffered reasons for denying the claim, there is nothing in the complaint or the supporting documents to indicate that the denial was based on any racial animus. These claims amount to nothing more than speculation that provide little support that the Defendants acted with discriminatory intent.

Accordingly, the Plaintiff's § 1981 claim is dismissed without prejudice.

**D. LEAVE TO REPLEAD**

FED. R. CIV. P. 15(a)(2) applies to amending the pleadings once the time to do so as a matter of right has expired. It states, in pertinent part, that "a party may amend its pleading only with the

opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Courts have construed the rule liberally and have said that "the purpose of Rule 15 is to allow a party to correct an error that might otherwise prevent the court from hearing the merits of the claim." *Safety-Kleen Sys., Inc. v. Silogram Lubricants Corp.*, No. 12-CV-4849, 2013 WL 6795963, at *2 (E.D.N.Y. Dec. 23, 2013) (quoting *Chapman v. YMCA of Greater Buffalo*, 161 F.R.D. 21, 24 (W.D.N.Y. 1995)); *see also Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (finding a "strong preference for resolving disputes on the merits" (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005))).

"The Rule reflects two of the most important principles behind the Federal Rules: pleadings are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated ... and 'mere technicalities' should not prevent cases from being decided on the merits." *D.C.R. Trucking & Excavation, Inc. v. Aetna Cas. and Sur. Co.*, No. 96-cv-3995, 2002 WL 32096594, at *8 (E.D.N.Y. Oct. 31, 2002) (quoting *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 283 (2d Cir. 2000)).

In the Second Circuit, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). A court should deny leave to amend only "in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (per curiam) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). In the instant matter, the Court finds good cause to allow the Plaintiff to replead his first claim.

### III.  CONCLUSION

For the reasons stated above, the Defendants' motion to dismiss the Plaintiff's complaint pursuant to Rule 12(b)(6), is granted.  The Plaintiff's first cause of action is dismissed without prejudice with leave to replead.

The Plaintiff is required to serve his amended complaint within thirty days from the date of this order.

It is **SO ORDERED**:

Dated:  Central Islip, New York

September 17, 2018

_\_\_/s/ Arthur D. Spatt\_\__

ARTHUR D. SPATT

United States District Judge